<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-4397**

———————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CARLOS VEGA, a/k/a Misa, a/k/a Misael Mendez,

                    Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Cameron McGowan Currie, District
Judge.  (3:08-cr-00590-CMC-12)

———————————

Submitted:  July 14, 2010              Decided:  July 27, 2010

———————————

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Andrew R. Mackenzie, BARRETT & MACKENZIE, LLC, Greenville, South
Carolina, for Appellant.  James Chris Leventis, Jr., OFFICE OF
THE UNITED STATES ATTORNEY, Mark C. Moore, Stanley Duane
Ragsdale, Assistant United States Attorneys, Columbia, South
Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Vega appeals his 240 month sentence imposed upon his guilty plea to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base, and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(D) (2006) (Count 1), and possession with intent to distribute and distribution of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (Count 43). Vega's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues on appeal, but contending the district court erred in enhancing Vega's sentence pursuant to 21 U.S.C § 851 (2006), in violation of Vega's Sixth Amendment right to a jury trial. Though informed of his right to do so, Vega has not filed a pro se supplemental brief, and the Government has declined to file a brief. We affirm.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 50 (2007). When determining whether a sentence is reasonable, the district court's legal conclusions are reviewed de novo, while factual findings are reviewed for clear error. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). "Other than the fact of a prior conviction, any fact that

2

increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (1967). However, in compliance with Apprendi, judges may find facts increasing the mandatory minimum sentence faced by a defendant, so long as the sentence remains below the statutory maximum. See Harris v. United States, 536 U.S. 545, 565 (2002). After reviewing the record, we find that the district court did not err in enhancing Vega's sentence due to Vega's prior felony drug conviction.

We have reviewed the record in accordance with Anders, and find that there are no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court, and argument would not aid the decisional process.

AFFIRMED

3